IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

CORPORACIÓN DE RESIDENTES DE LA
CALLE CARRIÓN COURT,

            Plaintiff

                v.                          CIVIL NO. 08-1889 (JP)

ROBERTO J. SÁNCHEZ-RAMOS, et al.,

            Defendants


## OPINION AND ORDER

Plaintiff Corporación de Residentes de la Calle Carrión Court filed a complaint naming three identified Defendants, Roberto Sánchez-Ramos ("Sánchez"), Kendys Pimentel-Soto ("Pimentel"), and Carlos González-Miranda, and seven unidentified Defendants, John Does 1-7 (the "Doe Defendants"). Before the Court is a motion to dismiss the Doe Defendants (No. 26) filed by the Puerto Rico Department of Justice, which specially appears on behalf of the Doe Defendants for the sole purpose of filing said motion. Also before the Court is Plaintiff's opposition thereto and Plaintiff's request for an extension of time for service upon the Doe Defendants (No. 29).

Plaintiff filed the instant action pursuant to 42 U.S.C. § 1983 ("Section 1983") for violations of its rights under the Fifth and Fourteenth Amendments to the United States Constitution. Specifically, Plaintiff alleges that: (1) Defendants effected the

CIVIL NO. 08-1889 (JP)          -2-

direct physical taking of a controlled access gate at the end of Plaintiff's street, (2) Defendants caused the *de facto* annulment of related governmental permits for said controlled access gate, and (3) Defendants refused to return and reinstall the gate, thereby hindering Plaintiff's right to lawfully protect its property.

In support of their motion to dismiss, the Doe Defendants argue that because Plaintiff's complaint was filed on August 11, 2008 (No. 1), the 120-day period for service of summons upon the seven Doe Defendants has passed and, as such, the claims against said Defendants must be dismissed.  For the reasons stated herein, the Doe Defendants' motion to dismiss (**No. 26**) is hereby **DENIED**.

## I.    STANDARD OF REVIEW

Rule 12(b)(2) of the Federal Rules of Civil Procedure provides for the dismissal of actions where there is a lack of personal jurisdiction.  A federal court is without personal jurisdiction over a defendant unless the defendant has been served with process in accordance with Rule 4 of the Federal Rules of Civil Procedure.  See Fed. R. Civ. P. 4.  Rule 4(m) provides in pertinent part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

CIVIL NO. 08-1889 (JP)              -3-

## II.  **ANALYSIS**

In the instant case, John Does 1-4 are employed by the Department of Transportation and Public Works, and allegedly acted under the instructions of Defendants Sánchez and Pimentel to remove the controlled access device installed by Plaintiff.  John Does 5-7 are allegedly associated with the Coalición de Playas Para Todos, and in such capacity participated in the planning for the removal of the controlled access device.  The seven Doe Defendants have neither been identified nor served by Plaintiff within the 120-day period established by the Federal Rules of Civil Procedure.

Courts have generally held that unidentified "John Doe" defendants are still subject to the 120-day period for identification and service, though a plaintiff can seek an extension if so warranted.  See Carmona Pacheco v. Betancourt y Lebrón, 820 F. Supp. 45 (D.P.R. 1993) (dismissing plaintiffs' action against the unnamed defendant John Doe for failure to serve summons within the time required under Fed. R. Civ. P. 4(j)[1]) (citing United States v. Ayer, 857 F.2d 881, 884 (1st Cir. 1988)); see generally Petty v. County of Franklin, 478 F.3d 341 (6th Cir. 2007) (holding that the district court properly dismissed two John Doe defendants from inmate's lawsuit where, by the end of discovery, the plaintiff had

---

1.    Part (m) of Rule 4 of the Federal Rules of Civil Procedure was adopted in April 1993, and became effective in December 1993.  It largely subsumed subsection 4(j), so that pre-December 1993 references to 4(j) are comparable to references to 4(m).  See Fed. R. Civ. P. 4(m) (Advisory Committee Notes, 1993, Subdivision (m)).

CIVIL NO. 08-1889 (JP)          -4-

not yet identified the John Does and thus had not served them, clearly in violation of 120-day window provided by Fed. R. Civ. P. 4(m)); <u>Aviles v. Village of Bedford Park</u>, 160 F.R.D. 565 (N.D. Ill. 1995) (holding that "'John Doe' defendants must be identified and served within 120 days of commencement of the action against them); <u>but</u> <u>see</u> <u>Olaniyi v. District of Columbia</u>, 416 F. Supp. 2d 43 (D.D.C. 2006) (holding that, where plaintiff alleged constitutional violations against several unidentified John Does, the defendants' motion to dismiss for lack of jurisdiction over the John Does under Fed. R. Civ. P. 4(m) was denied because, due to an extension of time granted by court, there was still time to identify and serve the John Does).

     Plaintiff has not demonstrated that it has identified or served the seven Doe Defendants, despite Rule 4(m)'s 120-day period to do so.  In response to Defendants' motion to dismiss, Plaintiff argues that its delay in serving the Doe Defendants was not caused by an absence of diligence.  Rather, Plaintiff argues that it waited for the Court to resolve the jurisdictional issues raised in Defendants' earlier-filed motion to dismiss (No. 26) before conducting additional discovery.  Plaintiff further argues that Defendants will not be prejudiced by an extension of time for service of the Doe Defendants, given that the parties are early in the discovery phase and the Initial Scheduling Conference has not yet been held.  The Court admonishes Plaintiff for failing to file for an extension of time for

CIVIL NO. 08-1889 (JP)              -5-

service within the 120-day limit prescribed by the Federal Rules of Civil Procedure, but holds that Defendants will not be prejudiced by a brief extension of time for service.  As such, denial of Defendants' motion to dismiss the Doe Defendants is appropriate.

III. <u>CONCLUSION</u>

In conclusion, the Court denies the Doe Defendants' motion to dismiss.  Plaintiff **SHALL** identify and serve the Doe Defendants **on or before March 20, 2009,** and **SHALL** file proof thereof with the Court by the same day.  Failure to comply with this Order will result in dismissal of the Doe Defendants.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 23rd day of February, 2009.

s/Jaime Pieras, Jr.
JAIME PIERAS, JR.
U.S. SENIOR DISTRICT JUDGE