IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CORPORACIÓN DE RESIDENTES DE LA CALLE CARRIÓN COURT,<br><br>        Plaintiff<br><br>                v.<br><br>ROBERTO J. SÁNCHEZ-RAMOS, et al.,<br><br>        Defendants | CIVIL NO. 08-1889 (JP) |

## **OPINION AND ORDER**

At the Initial Scheduling Conference held on March 18, 2009, the Court considered the facts presented by the parties in light of the standard for the entry of a preliminary injunction. Although the Court notes that Plaintiff only specifically requested permanent injunctive relief in its complaint, the Court considers this request to encompass preliminary injunctive relief as well if the interests of fairness and justice so require.

The general purpose of injunctive relief is to prevent future acts or omissions of the non-movant that constitute violations of the law or harmful conduct. United States v. Oregon Med. Soc., 343 U.S. 326, 333 (1952). The United States Court of Appeals for the First Circuit has set forth a four-part test for trial courts to use when considering whether to grant preliminary injunction requests. Lanier Prof. Serv's, Inc., v. Ricci, 192 F.3d 1 (1st Cir. 1999); Narragansett Indian Tribe v. Guilbert, 934 F.2d 4, 5 (1st Cir. 1991). A preliminary injunction is appropriate if: (1) the petitioner has

CIVIL NO. 08-1889 (JP)          -2-

exhibited a likelihood of success on the merits; (2) the petitioner will suffer irreparable injury if the injunction is not granted; (3) such injury outweighs any harm which granting injunctive relief would inflict on the respondent; and (4) the public interest will not be adversely affected by granting the injunction. Narragansett Indian Tribe, 934 F.2d at 5; see, e.g., Aoude v. Mobil Oil Corp., 862 F.2d 890, 892 (1st Cir. 1988); Hypertherm, Inc. v. Precision Products, Inc., 832 F.2d 697, 699 n.2 (1st Cir. 1987). Whether to issue a preliminary injunction depends on balancing equities where the requisite showing for each of the four factors turns, in part, on the strength of the others. Concrete Machinery Co., Inc. v. Classic Lawn Ornaments, Inc., 843 F.2d 600, 611-13 (1st Cir. 1988).

The Court has considered Plaintiff's complaint in light of the aforesaid factors, and hereby **GRANTS** a preliminary injunction in favor of Plaintiff. Plaintiff has demonstrated a likelihood of success on the merits, given that it has presented facts showing Plaintiff acquired all the necessary permitting for the erection of a controlled access device. Said device was then removed by Defendants, allegedly without prior notice or a hearing. The purpose of installing the controlled access device was to deter crime in an area where crime had previously flourished. The crime statistics presented by Plaintiff demonstrate that providing the public with unfettered access to and from the beach through Carrión Court Street presented a real threat to residents of this street. Once the

CIVIL NO. 08-1889 (JP)           -3-

controlled access device was installed, the crime rate decreased significantly, according to Plaintiff's representations.  As such, the Court finds that the failure to provide preliminary injunctive relief to Plaintiff - in the form of reinstallation of the controlled access device - would cause Plaintiff to suffer irreparable injury. The only injury to Defendants if the controlled access device is re-installed is a decrease in public access to the beach from Carrión Court Street.  However, the Court finds that considering there are several other public access points near Carrión Court Street, the potential harm to Plaintiff in the absence of a preliminary injunction greatly outweighs any potential harm to Defendant. Finally, the entry of a preliminary injunction will not adversely affect the public interest, as there are other public access ways for the beach.

    Accordingly, the Court hereby **ORDERS** Defendants to return the controlled access device to Plaintiff **on or before April 20, 2009.** Defendants are not responsible for the re-installation of said device.  Plaintiff **MAY** re-install the device at the specific location from which it was removed by Defendants.

    **IT IS SO ORDERED.**

    In San Juan, Puerto Rico, this 19th day of March, 2009.

    s/Jaime Pieras, Jr.
    JAIME PIERAS, JR.
    U.S. SENIOR DISTRICT JUDGE