# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **CORPORACIÓN DE RESIDENTES,** | |
| **Plaintiff,** | |
| v. | **CIVIL NO.  08-1889 (JP)** |
| **ROBERTO J. SÁNCHEZ RAMOS, et al.** | |
| **Defendants.** | |

## ANSWER TO AMENDED COMPLAINT

**TO THE HONORABLE COURT:**

    **COME NOW** defendants The Secretary of Justice of the Commonwealth of Puerto Rico, the Assistant District Attorney and Special Aide to the Secretary of Justice, Julio Morales-Díaz, and Héctor González (hereinafter referred to as "Defendants"), in their respective official capacities, and through the undersigned attorney, respectfully, allege and pray as follows:

### I.    NATURE OF THE CASE

1.     Paragraph no. 1 does not require a responsive pleading insofar as it is a legal statement. In the alternative, it is denied.

2.     Paragraph no. 2 is denied.

### II.    JURISDICTION AND VENUE

3. Paragraph no. 3 does not require a responsive pleading insofar as it is a legal statement. In the alternative, it is denied.

4. Paragraph no. 4 does not require a responsive pleading insofar as it is a legal statement. In the alternative, it is denied.

## II.   PARTIES

5. Paragraph no. 5 does not require a responsive pleading. In the alternative, it is denied.

6. Paragraph no. 6 does not require a responsive pleading. In the alternative, it is denied.

7. Paragraph no. 7 is denied. It is clarified that the present Secretary of Justice of the Commonwealth of Puerto Rico Department of Justice is Antonio M. Sagardía-De Jesús. However, at the time relevant to the facts alleged in the complaint the Secretary of Justice of the Commonwealth of Puerto Rico Department of Justice was Roberto Sánchez-Ramos.

8. From averment no. 8 it is admitted that at the time relevant to the facts alleged in the complaint Kendys Pimentel Soto was the Special Aide to the Secretary of Justice. The rest of the averment is denied for lack of knowledge or sufficient information to form a belief as to the truth of the averment.

9. Paragraph no. 9 is denied. All claims against the Secretary of the Commonwealth of Puerto Rico Department of Transportation have been dismissed.

10. Paragraph no. 10, 11, and 12 are denied for lack of knowledge or sufficient information to form a belief as to the truth of the averment.

## III. FACTUAL BACKGROUND AND COMMON ALEGATIONS

11. Paragraph no. 13 is denied as written. In the alternative, it is denied for lack of knowledge or sufficient information to form a belief as to the truth of the averment.

12. Paragraph no. 14 is denied for lack of knowledge or sufficient information to form a belief as to the truth of the averment.

13. Paragraph no. 15 is denied as written. In the alternative, it is admitted that Plaintiff requested authorization from the Municipality of San Juan to establish Access Controls at Carrión Court St., Santurce, Puerto Rico.

14. Paragraph no. 16 is denied as written. In the alternative, it is admitted that a public hearing to consider Carrión Court's access control request for Carrión Court St. was held on March 11, 1993.

15. Paragraph no. 17 is denied for lack of knowledge or sufficient information to form a belief as to the truth of the averment.

16. Paragraph no. 18 is denied for lack of knowledge or sufficient information to form a belief as to the truth of the averment.

17. Paragraph no. 19 is denied as written.

18. Paragraph no. 20 is denied for lack of knowledge or sufficient information to form a belief as to the truth of the averment.

19. Paragraph no. 21 is denied for lack of knowledge or sufficient information to form a belief as to the truth of the averment.

20. Paragraph no. 22 is denied as written.

21.     Paragraph no. 23 is denied.  In the alternative, it is admitted that on August 25, 1994, Lillian Cruz-Fortier, Director of the Access Control Unit, and Rafael Fernández-Rodríguez, Director of the Planning Office, signed a Report and Recommendation regarding Access Control for the Corporación de Residentes de Carrión Court Street.

22.     Paragraph no. 24 is denied for lack of knowledge or sufficient information to form a belief as to the truth of the averment.

23.     Paragraph no. 25 is denied.  In the alternative, it is admitted that On November 18, 1994, the San Juan Mayor, Héctor Luis Acevedo, signed San Juan Municipal Assembly Resolution No. 29.

24.     Paragraphs no. 26 and 35 are denied for lack of knowledge or sufficient information to form a belief as to the truth of the averment.

25.     Paragraph no. 36 is denied.  In the alternative, it is admitted that a Motion for Voluntary Dismissal Without Prejudice was filed, dated January 30, 2007, by DNER attorney Claribel Díaz-Cortés, within <u>Department of Natural Resources and Environment v. Carrión Court Residents Association and, as their President, Annette Malavé</u>, Complaint No. 06-609-ZMT.

26.     Paragraphs no. 37 through 44 are denied for lack of knowledge or sufficient information to form a belief as to the truth of the averment.

27.     Paragraphs no. 45 through 50 are denied.  In the alternative, it is admitted that On August 16, 2007, the PR-DOJ issued a press release, informing that Defendant Sánchez-Ramos had ordered removal of the gate at Carrión Court Street.

28. Paragraph no. 51 is denied. In the alternative, it is admitted that On August 17, 2007, Defendant Pimentel-Soto issued a subpoena addressed to former President of Plaintiff, Annette Malavé.

29. Paragraphs no. 52 through 70 are denied for lack of knowledge or sufficient information to form a belief as to the truth of the averment.

## IV. COUNT I

30. Paragraph no. 71, the appearing Defendant incorporates herein by reference all the previous answers to the present Complaint. In the alternative, it is denied.

31. Paragraph no. 72 and 73 are denied.

## V. COUNT II

32. Paragraph no. 74, the appearing Defendant incorporates herein by reference all the previous answers to the present Complaint. In the alternative, it is denied.

33. Paragraph no. 75 and 76 are denied.

## VI. COUNT III

34. Paragraph no. 77, the appearing Defendant incorporates herein by reference all the previous answers to the present Complaint. In the alternative, it is denied.

35. Paragraph no. 78 and 79 are denied.

## VII. COUNT IV

36. Paragraph no. 80, the appearing Defendant incorporates herein by reference all the previous answers to the present Complaint. In the alternative, it is denied.

37. Paragraph no. 81 is denied.

## VIII. COUNT V

38. Paragraph no. 82, the appearing Defendant incorporates herein by reference all the previous answers to the present Complaint. In the alternative, it is denied.

39. Paragraph no. 83 and 87 are denied.

## IX. COUNT VI

40. Paragraph no. 88, the appearing Defendant incorporates herein by reference all the previous answers to the present Complaint. In the alternative, it is denied.

41. Paragraph no. 89 and 90 are denied.

## PRAYER FOR RELIEF

42. Paragraphs no. 1 through 5 do not require a responsive pleading insofar as it is a legal statement. In the alternative, they are denied.

## X.   AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief may be granted against the appearing defendants.

2. The Complaint fails to state a claim cognizable under any applicable federal or state statute.

3. The Complaint fails to state specific acts of the appearing defendant which amount to a deprivation of any of plaintiffs' constitutional and/or federally protected rights.

4. The appearing defendant, at all times, acted according to the law, in good faith and in performance of her duties.

9. The appearing defendant acted at all times within the established framework of her authority and duties and he neither negligently nor intentionally violated any of Plaintiffs' constitutional rights.

10. The complaint fails to state specific facts adequate to show that Plaintiffs suffered damages.

13. In the hypothesis that Plaintiff is entitled to any relief, which the appearing defendants denies, plaintiff has failed to mitigate damages.

13. Plaintiff's claims are precluded by the doctrines of abstention, r*es judicata* and/or collateral estoppel.

14. The appearing defendant is entitled to the qualified immunity defense.

15. This Honorable Court lacks jurisdiction over the subject matter in the instant action.

16. The complaint is time barred.

17. The appearing defendant's actions were objectively reasonable viewed in the light of the facts and circumstances confronting them.

18. The appearing defendant herein reserves the right to amend his Answer to the Complaint before the conclusion of discovery or upon good cause shown.

19. Appearing defendant does not waive any other affirmative defenses that may arise during the discovery proceedings.

20. Plaintiff lacks standing to assert some or all of the claims set forth in the complaint.

21. The complaint fails to state a claim cognizable under the Fifth and Fourteenth Amendment of the U.S. Constitution.

22. Any claims against appearing defendants are barred by Eleventh Amendment Immunity.

23. Plaintiff lacks standing to assert the claims set forth in the complaint.

24. Defendants reserve the right to amend affirmative defenses in light of Discovery made.

25. Any averment in the Amended Complaint not admitted shall be deemed as denied.

## XI. CONCLUSION AND PRAYER

**WHEREFORE,** Defendant respectfully prays this Honorable Court to **DISMISS WITH PREJUDICE** the entire case.

## XII. CERTIFICATE OF SERVICE

**IT IS HEREBY CERTIFIED** that on this same date a true and exact copy of the foregoing has been filed electronically with the Clerk of the Court via CM/ECF system, which will send notification of such filing to all attorneys of record.

**RESPECTFULLY SUBMITTED** in San Juan, Puerto Rico on this 1st day of April of 2009.

| | |
|---|---|
| **ANTONIO M. SAGARDÍA-DE JESÚS** | **S/Alex José Vázquez-Saldaña** |
| Secretary of Justice | **ALEX JOSÉ VÁZQUEZ-SALDAÑA** |
| | U.S.D.C. NO. 225614 |
| | Office of General Litigation |
| **GRISEL SANTIAGO-CALDERÓN** | Department of Justice |
| Secretary of Justice In Charge of Litigation | P.O. Box 9020192 |
| Office of General Litigation | San Juan, P.R., 00902-0192. |
| | Tel. (787) 721-2900 |
| **S/WANDYMAR BURGOS VARGAS** | Fax (787) 723-9188 |
| **WANDYMAR BURGOS VARGAS** | avazquez@justicia.gobierno.pr |
| Acting Director of Legal Affairs | ajvazque@gmail.com |

Federal Litigation Division and Bankruptcy
U.S.D.C. NO. 223502